UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

01001010 BIOMETRICS, INC.,

    Plaintiff,

v.                                          Case No. 6:17-cv-581-Orl-37TBS

MOBILE FINGERPRINTING, LLC,

    Defendant.

### ORDER

This federal trademark infringement action is before the Court on *sua sponte* review of the two-count complaint filed by Plaintiff 01001010 Biometrics, Inc. against Defendant Mobile Fingerprinting, LLC.. (Doc. 1 ("**Complaint**").)

### I.    SHOTGUN PLEADINGS

Rules 8 and 10 of the Federal Rules of Civil Procedure set forth minimum requirements for complaints filed in this Court. At a minimum, such filings must: (1) include "short and plain" statements of the pleader's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances;" and (2) provide more than mere labels, legal conclusions, or formulaic recitation of the elements of a claim. *See* Fed. R. Civ. P. 8(a), 8(d), 10(b); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Local Rules 1.05, 1.06. Shotgun pleadings result when a plaintiff "fails to follow Rules 8 and 10." *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014).

The U.S. Court of Appeals for the Eleventh Circuit warns that actions founded on shotgun pleadings should not be permitted because "issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 367 (11th Cir. 1996). Heeding this warning, when confronted with a deficient pleading—especially a shotgun complaint—district courts must require the party to replead. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127–28 (11th Cir. 2014) (criticizing district court for failing to police shotgun pleadings). Here, Plaintiff must replead because its formulaic and conclusory Complaint—which includes two counts that each incorporate by reference all of the preceding paragraphs—is quintessentially shotgun. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015).

## II. VENUE

Pursuant to federal district court venue provision, 28 U.S.C. § 1391(b), civil actions may be brought in: (1) "a judicial district in which any defendant resides;" or (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Here, Plaintiff alleges that: (1) Defendant—which is a limited liability company ("**LLC**")—is "incorporated under the laws of the state of Florida with a principal place of business located at 701 E. Commercial Blvd., 4th Floor, Fort Lauderdale, Florida 33334" (*see* Doc. 1, ¶4); (2) "Defendant is incorporated, domiciled, and/or do [sic] business in this judicial district" (*id.* ¶2); and (3) "venue is proper" in this Court

"pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district" (*see id.* ¶3).[1]

Because Defendant is an LLC, its residence turns on the citizenship of its individual members. *See Altier v. Sunstrust Mortg., Inc.*, No. 6:16-cv-1752-Orl-37TBS, 2016 WL 6432988, at *1, n.3 (M.D. Fla. Oct. 31, 2016); *Scuotto v. Lakeland Tours, LLC*, No. 3:13-cv-1393, 2013 WL 6086046, at *1 (M.D. Fla. Nov. 19, 2013). Nonetheless, the Complaint provides no allegations concerning the citizenship of Defendant's members. Further, Plaintiff's allegation concerning Defendant's presence in "Fort Lauderdale"—which seemingly conflicts with Plaintiff's allegation that Defendant is domiciled in this District—indicates that venue may be proper in the U.S. District Court for the Southern District of Florida ("**Southern District**")—not in this Court. (*See* Doc. 1, ¶4.) Finally, Plaintiff's "arising out of" allegation is too conclusory to establish venue in accordance with §1391(b)(2). Accordingly, in repleading, Plaintiff should take special care in: (1) determining the proper venue for this action; and (2) setting forth its venue allegations.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.

---

[1] The "claims asserted" in this action are that Defendant: (1) infringed Plaintiff's federally-registered trademark ("**Mark**") in violation of the Lanham Act, 15 U.S.C. § 1114 (see id. ¶¶22–32); and (2) unfairly competed with Plaintiff and falsely designated Defendants goods with the Mark in violation of § 1125(a) of the Lanham Act (see id. ¶¶33–39 ("Count Two")).

(2) On or before **April 28, 2017**, Plaintiff may file an Amended Complaint in accordance with this Order.

(3) Absent timely compliance with the requirements of this Order, this action will be **CLOSED** without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 20th, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record